UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
MOHAMMED KEITA,

                        Plaintiff,

              -against-

BANK OF AMERICA,

                       Defendant.
------------------------------------------------------------- x

MEMORANDUM & ORDER

17-cv-875 (ENV) (ST)

VITALIANO, D.J.

On October 26, 2017, the Court dismissed *pro se* plaintiff Mohammed Keita's first amended complaint in this action, under 28 U.S.C. § 1915(e)(2)(B)(ii). But, he was given leave to file an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure. He then filed a second amended complaint against defendant Bank of America ("BOA"), on November 13, 2017. *In forma pauperis* status is granted for the purposes of this order. Keita's second amended complaint is now dismissed. The reasons follow.

Background

As a prefatory note, Keita is a very frequent litigant in this district, having commenced at least 16 civil actions in this courthouse in recent years. The Court has dismissed *sua sponte* every suit that Keita had filed prior to his most recent batch of filings, which includes this one. He has consistently ignored the Court's advice as to what plausible pleading requires and has repeatedly sought, meritlessly, reconsideration of the orders of dismissal.

In his amended complaint, Keita cursorily alleges that there is diversity jurisdiction. Dkt.

1

No. 12 at 1, ¶ 1. He also interposes a retaliation claim under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, asserting that he was employed as a senior loan officer and mortgage banker by BOA, and that he was terminated by BOA, on May 30, 2009, while on approved FMLA leave. *Id.* at ¶ 2. Less clearly, he appears to raise an employment discrimination claim under Title VII, 42 U.S.C. § 2000 *et seq. Id.* at ¶ 3. In this connection, he alleges that BOA's records show an unemployment date of April 30, 2009, while various termination and unemployment records do not tell a straight story as to the commencement of his employment benefits. *Id.*

## Standard of Review

Although a self-represented party who is a frequent litigant can lose this solicitude, obviously, *see Tracey v. Freshwater*, 623 F.3d 90, 103 (2d Cir. 2010), "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (citation omitted). Pleadings submitted by a self-represented party should be "liberally construed," *id.* (citation omitted), and "interpreted 'to raise the strongest arguments that they suggest,'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (citation omitted). As a corollary, a court generally should not dismiss a *pro se* complaint without granting leave to amend, so long as "a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quotation omitted).

2

Nonetheless, a *pro se* complaint must still "plead facts sufficient 'to state a claim to relief that is plausible on its face.'" *Teichmann v. New York*, 769 F.3d 821, 825 (2d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007)). Moreover, in accordance with Federal Rule of Civil Procedure 8, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although, under this rule, the complaint need not provide "detailed factual allegations," it must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964).

Furthermore, where, as here, the plaintiff is proceeding *in forma pauperis*, the district court must dismiss the complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Put simply, "a complaint … is frivolous where it lacks an arguable basis in law or fact," meaning where it is "based on an indisputably meritless legal theory" or presents "factual contentions [that] are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989)); *Livingston v. Adirondack*

*Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

## Discussion

Focused review of the complaint makes evident that it falls woefully short of the requirements of plausible pleading outlined above. Given the ultimate disposition here, further elaboration of the complaint's insufficiency is unnecessary. That is so because plausible pleading of these claims would not save them from the death knell of the statute of limitations.

FMLA claims must be been brought within two years of the act he complains of, or, for a willful violation of the FMLA, within three years. 29 U.S.C. §§ 2617(c)(1) and (2); *see Nev. Dept. of Human Resources v. Hibbs*, 538 U.S. 721, 739, 123 S. Ct. 1972, 1984, 155 L. Ed. 2d 953 (2003). The complaint avers that Keita was wrongfully terminated on May 30, 2009, which means that this claim should have been brought no later than on or about May 30, 2011. Similarly, under Title VII, Keita was required to have filed a charge with EEOC within 180 or 300 days of the last act he complained of. *See National R.R. Passenger Corp. v. Morgan*, 538 U.S. 101, 110-114, 122 S. Ct. 2061, 2070-2073, 153 L. Ed. 2d 106 (2002). Assuming for argument's sake that he timely brought his EEOC charge, to bring a timely action on that claim, the action most likely should have been filed in the neighborhood of March 26, 2010. Now hypothecating the tardiest "right to sue" letter known to the memory of man, the time to sue here would still be long gone. As a consequence, absent grounds for equitable tolling or estoppel, this claim is barred. *Id.*

There is absolutely nothing, moreover, in the complaint that remotely suggests that either of these claims qualifies for tolling. Furthermore, the Court takes notice of the plethora of cases, raising same or similar areas of the law that Keita has filed in the Court over the last decade. *See, e.g., Keita v. U.S. Small Business Admin.*, 1:07-cv-04958 (ENV) (LB) (E.D.N.Y. Mar. 15,

4

2010); *Keita v. Mercedes Benz USA LLC, et al*, 1:08-cv-03748 (ENV) (LB) (E.D.N.Y. Sept. 25, 2008). There is absolutely no qualifying reason why Keita could not have brought these claims in a timely fashion. With the related facts exhaustively evidencing that tolling is unavailable, neither can amendment cure the complaint's fatal defects. Leave to amend will be denied. *See Terry v. Incorporated Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016).

## Conclusion

In line with the foregoing, the complaint is dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum and Order to plaintiff, to enter judgment accordingly, and to close this case.

So Ordered.

Dated: Brooklyn, New York
       August 5, 2018

/s/ Hon. Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge